CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 12 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 5:03-cr-30040 |
| | ) | Civil Action No. 5:08-cv-80077 |
| | ) | |
| v. | ) | 2255 MEMORANDUM OPINION |
| | ) | |
| | ) | |
| JOHN JACKSON, | ) | By: Hon. James C. Turk |
| Defendant-Petitioner. | ) | Senior United States District Judge |

John Jackson, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Jackson alleges that counsel provided constitutionally ineffective assistance and the United States and the court breached the plea agreement. The United States filed a motion to dismiss, and Jackson responded, making the matter ripe for the court's disposition. After reviewing the record, the court grants the United States' motion to dismiss and dismisses Jackson's motion to vacate, set aside, or correct sentence.

I.

A grand jury in the Western District of Virginia indicted Jackson on April 3, 2002, for, inter alia, conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine, fifty grams or more of crack cocaine, and an unspecified quantity of marijuana (Count One), in violation of 21 U.S.C. §§ 841(a)(1), 846. A grand jury in the Western District of Pennsylvania also indicted Jackson on one count of possession of a firearm after having been convicted of a felony (Count Two), in violation of 18 U.S.C. § 922(g). This indictment was transferred to the Western District of Virginia.

Jackson pled guilty to both counts, and on May 6, 2004,[1] the court sentenced Jackson to:

---

[1] The court entered the criminal judgment on May 7, 2004.

262 months incarceration for Count One and 180 months for Count Two, to run concurrently, and 120 months supervised release for Count One and 60 months for Count Two, to run concurrently.

Counsel filed a notice of appeal on May 12, 2004, and the Fourth Circuit Court of Appeals affirmed Jackson's conviction for Count One, vacated the conviction for Count Two, and remanded the case for further proceedings. The Court of Appeals noted that the court did not conduct a proper plea hearing for Count Two. On remand, Jackson again pled guilty to Count Two, and the court sentenced Jackson to 180 months imprisonment, to run concurrently with the previously imposed sentence for Count One. Counsel filed another notice of appeal and an Anders[2] brief, stating that no meritorious appellate issues existed but suggesting that the court misapplied the sentencing guidelines. The Court of Appeals reviewed the court's application of the sentencing guidelines and held that Jackson's arguments failed on their merits and no plain error existed.

Jackson filed the instant motion on August 4, 2008, alleging that the United States and the court breached the plea agreement and counsel provided constitutionally ineffective assistance. Jackson signed his motion under penalty of perjury, described his legal claims with labels, and wrote "see supporting memorandum" instead of summarizing the applicable facts. However, Jackson did not separately sign the memorandum under penalty of perjury.

The United States filed a motion to dismiss and included an affidavit from counsel as an

---

[2] See Anders v. California, 386 U.S. 738 (1967) (holding if counsel found the appeal case to be wholly frivolous after conscientious examination, counsel should advise that, request permission to withdraw, and submit a brief referring to anything in the record that might arguably support his appeal).

2

exhibit.[3] After receiving the court's Roseboro notice, Jackson submitted a response that he did not sign at all. Instead, he included a document separately titled "Affidavit in Support of Motion Under 28 U.S.C. § 2255" that he signed under penalty of perjury. Jackson states in this affidavit that all four charges in Baltimore occurred on the same date and from the same incident; counsel persuaded him to plead guilty to Count Two without reviewing his criminal history; counsel never informed him that he was eligible for the fifteen year mandatory minimum; he would not have pled guilty had he known that fact; and he sent counsel notice of the error and asked her to argue the issue on appeal. (Pet'r Aff. (docket #81 at 6).)

II.

A.

As an initial matter, the United States suggests that the court should summarily dismiss Jackson's petition because he did not sign his memorandum of law and facts under penalty of perjury. A § 2255 motion must be signed under penalty of perjury and state the facts supporting each claim. R. Governing § 2255 Proceedings 2. However, Jackson signed his motion under penalty of perjury. Where required to briefly describe the supporting facts, Jackson stated "see supporting memorandum of law." Jackson also included an affidavit signed under penalty of perjury in his response to the motion to dismiss. Pursuant to Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), the court liberally construes this pro se pleading as meeting the requirements of a § 2255 motion because Jackson incorporated his memorandum of law and facts into the motion signed under penalty of perjury. See United States v. Guerrero, 488 F.3d 1313,

---

[3] According to Rule 12(d) of the Federal Rules of Civil Procedure, the court will treat the motion to dismiss as a motion for summary judgment because the motion presents matters outside of the pleadings that the court will not exclude. The Clerk of the court sent Jackson a notice in October 2008 of this conversion that specifically informed him of his right to respond with affidavits or additional evidence.

3

1316 (10th Cir. 2007) ("[I]t is both reasonable and appropriate for . . . courts to fully consider contemporaneous memoranda in support of motions in order to fully interpret a [§ 2255] movant's claim."). However, the court will give the appropriate weight to Jackson's arguments in his response that was not signed under penalty of perjury.

B.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

When deciding whether an evidentiary hearing is necessary to resolve a § 2255 motion contesting a guilty plea, "a court must determine 'whether the petitioner's allegations, when viewed against the record of the Rule 11 plea hearing, were so palpably incredible, so patently frivolous or false as to warrant summary dismissal.'" United States v. White, 366 F.3d 291, 296 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 76 (1977)). "Only if a petitioner's allegations can be so characterized can they be summarily dismissed." Id.

The Fourth Circuit has emphasized that "a defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'" Id. at 295 (quoting Blackledge, 431 U.S. at 74). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations omitted).

1. The plea agreement was not breached either by the United States or the court.

Jackson claims that the United States breached the plea agreement when it subsequently brought a forfeiture action against his property. The plea agreement stated that no further prosecution would occur for matters specifically known to the United States during the investigation of the charges except as provided for in the plea agreement. (Plea Agreement (docket # 86 Ex. 2) 3.) Jackson agreed to the provision in the plea agreement stating that "[his] assets may be subject to forfeiture." Id. at 2. Therefore, Jackson agreed that his assets may be subject to forfeiture in consideration of the negotiated plea agreement. Accordingly, Jackson fails to establish that the United States breached the plea agreement by seeking forfeiture of his assets, and the court dismisses this claim.

Jackson also claims that the plea agreement was breached when it was orally amended during the sentencing hearing. The plea agreement between the United States and Jackson stated that:

> [T]he parties agree that the appropriate disposition of this case at sentencing is as follows: with respect to the drug offense, the defendant shall be sentenced to 30 years in prison to be followed by five years of supervised release; with respect to the gun offense, the defendant will be sentenced according to the United States Sentencing Commission Guidelines and that sentence will run concurrently with the 30 year sentenced agreed to in relation to the drug offense.

5

(Plea Agt. 3.)

Jackson's counsel offered an amendment to depart below the agreed upon thirty-year sentence, to which the United States agreed. (Sent. Tran. May 6, 2004 at 6-7.) Jackson stated during his sentencing hearing that "my attorney advised me that the guide range was too high. . . . I agree it should be at the low end." Id. at 9-10. Therefore, the plea agreement was not breached, but both parties agreed on the record and before the court to amend its terms. The amendment also benefitted Jackson because he was ultimately sentenced to a term less than the previously agreed upon thirty-year sentence. Accordingly, Jackson fails to establish any breach of his plea agreement because the parties mutually consented to its amendment, and the court dismisses this claim.

Jackson also claims that the court breached the plea agreement when the court sentenced Jackson to a term exceeding the term stated in the plea agreement. Jackson also agreed that, "any calculation regarding the Sentencing Guidelines by the [U.S.] or by my attorney is speculative and is not binding upon the Court. . . . No guarantee has been made by the [U.S.] regarding the effect of the Sentencing Guidelines on my case." Id. at 4. Therefore, Jackson affirmed that the sentencing provision agreed upon between him and the United States did not bind the court. Furthermore, the court is not a party to a plea agreement between the United States and a defendant and is not bound to its terms. Accordingly, the court dismisses this claim for failing to state a claim upon which relief can be granted.

2. Counsel did not provide constitutionally ineffective assistance during sentencing or appeal.

Ineffective assistance of counsel claims are properly addressed upon § 2255 motions and generally cannot be raised on direct appeal unless counsel's ineffectiveness conclusively appears

6

on the record. See Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that federal habeas petitioner may bring ineffective assistance claim in § 2255 proceedings whether or not he could have raised the claim on direct appeal). To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need to inquire whether he has satisfied the other prong. Id. at 697. Furthermore, an attorney's acts or omissions "that are not unconstitutional individually cannot be added together to create a constitutional violation." See Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires a petitioner to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

Second, a petitioner must demonstrate "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair proceeding. Id. at 687. For a conviction obtained by guilty plea, counsel's deficient performance becomes prejudicial only if "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). This test is an objective inquiry and dependent on the likely outcome of a trial had the defendant not pled guilty. See Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988); Hill, at 59-60. "A

7

reasonable probability [i]s a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In this case, Jackson pled guilty to two counts in exchange for the United States' dismissal of the remaining counts. Therefore, the deficient performance would have to be so great as to convince a reasonable person to forego Jackson's plea agreement and proceed to trial on all counts.

      a.    Counsel was not ineffective for failing to argue that Jackson was not an armed career criminal.

Jackson argues that his counsel was ineffective because she did not properly inform him or the court that he was not an armed career criminal and claims that he would not have pled guilty had he known that fact. (Pet'r Supp. Mem. 2.) Jackson claims that the Baltimore Circuit Court erroneously treated a "single four-count conviction" as two convictions instead of one conviction.[4] Id. Jackson alleges that Count Two's indictment incorrectly recites March 29, 1992, as the date he committed a crime.[5] Jackson claims that June 7, 1990, is the date all the offenses occurred, and he relies on Baltimore City Circuit Court documents in support. These documents list the arrest date for all of his Baltimore convictions as June 7, 1990.

Jackson's allegation is not supported by the documents he provided to the court. The indictment that Jackson provided with his § 2255 motion states that he was convicted on May 29, 1992, not on an alleged incorrect date in March 1992. See id. at 24. Even if the dates were written as he alleges, the mere fact that police arrested Jackson on the same date for various offenses does not establish that the offenses all occurred on the same date of arrest. Jackson also

---

[4] An action under § 2255 will not serve as means to challenge state court convictions. If Jackson wishes to challenge his state court convictions in federal court, he must proceed in accordance with the procedural requirements of 28 U.S.C. § 2254, subject to the statute of limitations found in 28 U.S.C. § 2244(d).

[5] The particular Maryland indictment number Jackson argues is incorrect is #190186009. See Pet'r Additional Evidence (docket #85) at 7.

8

attached a copy of the Maryland indictment he argues that proves the offense occurred on June 7, 1990. However, the indictment reads that the grand jury charged him with a serious drug offense that occurred "on or about the date of offense" listed as June 7, 1990. (Pet'r Additional Evidence 7) (emphasis added). Therefore, Jackson fails to establish that the evidence did not qualify him as an armed career criminal, and thus, he has not shown how counsel performed deficiently. Accordingly, Jackson does not establish a violation of Strickland.

> b. Counsel was not ineffective for failing to argue that the imposed sentence exceeded the maximum possible sentence or that the court failed to fully advise Jackson of his term of supervised release.

Jackson argues that counsel was ineffective because she did not object to the court imposing a sentence above the maximum allowed by law or to the court's failure to fully inform him of the conditions of supervised release prior to accepting his guilty plea. Jackson states that the court "informed the petitioner that the maximum sentence he could receive via his plea agreement was 30 years imprisonment and 5 years supervised release." (Pet'r Supp. Mem. 8.) However, Jackson's plea agreement as to Count One states that "[t]he maximum statutory penalty for this offense is a fine of $8,000,000 and life imprisonment without the possibility of parole with a statutory minimum sentence of twenty (20) years in prison, plus a period of supervised release." (Plea Agreement 1.) For Count Two, the plea agreement states "[t]he maximum possible penalty for this offense is a fine of $250,000 and life imprisonment, with a statutory minimum sentence of fifteen (15) years in prison, plus a period of supervised release." Id.

Furthermore, the court informed Jackson at his guilty plea hearing on August 26, 2003, that he could be sentenced up to life imprisonment with a mandatory minimum twenty year

9

sentence, eight years of supervised release, and an $8 million fine. (USA Additional Evidence (docket #86) 55, 60-61, 65-66.) During the guilty plea hearing held on January 4, 2007, Jackson affirmed that he understood that the maximum penalty he faced for Count Two was a life sentence with a mandatory minimum sentence of fifteen years, a $250,000 fine, and five years of supervised release. (USA Additional Evidence 3-4, 12.)

However, the court actually imposed a sentence of 262 months in prison and 120 months of supervised release. Therefore, counsel acted reasonably by not objecting to a "maximum sentence" that was never imposed, and a reasonable person would not have withdrawn a guilty plea for receiving a sentence less than the maximum possible sentence. Accordingly, Jackson does not establish a violation of Strickland, and the court dismisses this claim.

Jackson also alleges that his counsel was ineffective because the court did not inform him that:
> a term of supervised release is imposed in addition to any sentence of imprisonment and that any violations of the conditions of supervised release can subject the defendant to imprisonment for the entire term of supervised release, without credit for time already served on the term of supervised release.

(Pet. Supp. Mem. 9.) Although a district court errs by not informing a defendant about the impact supervised release has on the overall length of a sentence, the error is harmless if it does not violate a defendant's substantial rights. United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995). Jackson's maximum possible sentence was life imprisonment. If Jackson spent time incarcerated both for the imposed sentence and a subsequent violation of supervised release, his total length of incarceration would still be less than a life sentence. Therefore, the error of not discussing the significance of supervised release was harmless because Jackson's total potential time of incarceration is still less than the maximum sentence allowed by law. See United States

10

v. Good, 25 F.3d 218, 220 (4th Cir. 1994) (holding that failure to discuss the nature of supervised release is harmless error if the combined sentence of incarceration and supervised release actually received by the defendant is less than the maximum term he was told he could receive). Accordingly, the court did not violate Jackson's rights and counsel did not provide ineffective assistance by not objecting.

      c.      Counsel was not ineffective on appeal for filing an Anders brief instead of arguing the issues Jackson requested.

To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that counsel's representation was objectively unreasonable and that a reasonable probability exists that, but for the attorney's error, he would have prevailed on his appeal. Smith v. Robbins, 528 U.S. 259, 285 (2000) (citing Strickland, 466 U.S. at 687-88). Appellate counsel is not required to assert all non-frivolous issues on appeal, "but rather may select from among them in order to maximize the likelihood of success on appeal." Smith, 528 U.S. at 288. Reviewing courts must presume that in determining which issues to appeal, appellate counsel selected those issues most likely to afford relief. Pruett v. Thompson, 996 F. 2d 1560, 1568 (4th Cir. 1993).

Jackson claims that counsel was ineffective because she should have raised certain claims on appeal. Jackson alleges that counsel failed to argue that: Jackson's plea was unlawful because he plead to being an armed career criminal when he was not; the United States violated the plea agreement by starting a forfeiture action; and the court erroneously relied on crack instead of marijuana or cocaine to determine the base level of the career offender enhancement because no jury made the decision beyond a reasonable doubt.

Appellate counsel has no duty to raise every nonfrivolous issue suggested by the client. Jones v. Barnes, 463 U.S. 745, 751-754 (1983). Counsel satisfied her constitutional duty to file

11

an appeal when she submitted her Anders brief to the Court of Appeals noting that the court may have erroneously applied the career offender provisions. United States v. Jackson, 243 Fed. Appx. 750, 751 (4th Cir. 2007). The Court of Appeals also considered the arguments Jackson raised in his separate briefs claiming four instances of error. After considering these issues, the Court of Appeals denied Jackson's claims and affirmed the court's judgment.

Jackson does not establish that any of these arguments are obvious from the trial record or would have resulted in a reversal on appeal. The court also considered and dismissed the first two similar arguments made in the instant motion. Pursuant to the sentencing guidelines, the court also converted the weight of Jackson's narcotics to which he pleaded guilty to into an equivalent weight of marijuana to calculate his base offense level. (Presentence Report 5.) Therefore, none of Jackson's appellate claims would have automatically warranted relief, and counsel was not deficient for not raising them on appeal. Jackson also does not describe how appealing the armed career criminal issue would have affected his sentence because of the sentencing enhancement under 21 U.S.C. § 841(b)(1)(A). Therefore, Jackson fails to show either deficient performance or resulting prejudice under Strickland. Accordingly, all of Jackson's ineffective assistance of counsel arguments fail, and the court dismisses his ineffective counsel claims.

III.

For the foregoing reasons, the court grants the United States' motion to dismiss and dismisses Jackson's motion to vacate, set aside, or correct sentence.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 12th day of February, 2009.

*[signature]*
Senior United States District Judge

12

Case 5:03-cr-30040-JCT-mfu Document 88 Filed 02/12/09 Page 12 of 12 Pageid#: 315