IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:03-cr-30040 |
| | ) | Criminal Action No. 5:04-cr-30015 |
| v. | ) | |
| | ) | |
| | ) | By: Elizabeth K. Dillon |
| JOHN FITZGERALD JACKSON | ) | United States District Judge |

**MEMORANDUM OPINION**

Pending before the court is John Fitzgerald Jackson's motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. (Dkt. No. 105.)[1] The United States has filed a response in which it acknowledges that Jackson is eligible to be considered for a reduction in sentence under the Act. (Dkt. No. 114.) It notes, however, that his guideline range remains the same and that the court could decline to reduce his sentence. In the event the court elects to reduce his sentence, however, the United States asks that his sentence be reduced to no less than time served and 8 years of supervised release on Count One, to be run concurrent with Count Two, which should remain unchanged.[2] (*Id.* at 1.) Jackson also has filed a notice of correction (Dkt. No. 113), correcting several errors in the initial motion, and a reply (Dkt. No. 115). Neither party has requested a hearing. For the reasons discussed below, the court will deny in part and grant in part the defendant's motion to reduce sentence.

Also pending before the court is the United States' motion to stay (Dkt. No. 117), in which it requests that the court stay the case in order to allow it to review the case further. The

---

[1] Docket entries are to the first listed case, unless otherwise noted.

[2] Later in its response, the United States suggests that a five-year term of supervised release would be sufficient, but not greater than necessary, but incorrectly suggests that Jackson is subject to the penalties under 21 U.S.C. § 841(b)(1)(C). (Dkt. No. 114 at 10.) As the recent Addendum to the PSR notes, however, the statutory penalties for Jackson are governed by § 841(b)(1)(B) and impose a mandatory eight-year term of supervised release because of the § 851 notice filed for him.

United States subsequently informed the court, however, that it does not intend to file anything else in the case. (Dkt. Nos. 118.) Accordingly, the motion to stay (Dkt. No. 117) will be denied as moot.

## I. BACKGROUND

Jackson was indicted in a superseding indictment on June 30, 2003, and charged with conspiracy to possess with intent to distribute 500 grams or more of a detectable amount of cocaine hydrochloride, 50 grams or more of a mixture containing cocaine base, and a detectable amount of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841 (b)(1)(A) (Count One); distribution of a detectable amount of cocaine, in violation of 21 U.S.C § 841(a)(1) (Count Two); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). (Presentence Investigation Report, Dkt. No. 108.) In June 2003, Jackson was also indicted in the Western District of Pennsylvania for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). That case was transferred to this district for sentencing, pursuant to Federal Rule of Criminal Procedure 20, in March 2004, and assigned case number 5:04-cr-30015. Jackson was sentenced in both cases at the same time and in a single judgment.

Prior to Jackson's guilty plea, the government filed a notice under 21 U.S.C. § 851, which increased Jackson's statutory penalty range upon conviction for Count One to a mandatory minimum of 20 years and a maximum of life imprisonment. The notice also triggered a ten-year mandatory minimum term of supervised release. (Dkt. No. 19.)

Jackson pled guilty to Count One of the superseding indictment and Count One of the indictment transferred to this district from the Western District of Pennsylvania (sometimes referred to by the parties or in documents as "Count Two"). (Dkt. Nos. 22–23.) All remaining

2

counts of the indictment were dismissed pursuant to the plea agreement. (Dkt. No. 108.) At sentencing, the court determined that Jackson's base offense level was a 32, based on a converted drug amount of 1,410 kilograms of marijuana. The sentencing court applied a two-level upward adjustment due to Jackson's possession of a firearm during a purchase of cocaine. The court also determined that he was entitled to a three-level reduction for acceptance of responsibility. Accordingly, his total offense level was 31. However, due to his status as a career offender, his offense level was increased to a 37, and adjusted to a 34 after a reduction for acceptance of responsibility. As a career offender, Jackson's criminal history category was VI. This total offense level of 34 and criminal history category VI yielded a guideline range of 262 to 327 months. The court imposed a sentence of 262 months, to be followed by a ten-year supervised release term, on Count One.[3] The court also sentenced Jackson to a concurrent term of 180 months on the firearm count from the Western District of Pennsylvania. (Dkt. No. 37.)

Jackson appealed, and the Fourth Circuit vacated and remanded his conviction and sentence on the firearm count from the Western District of Pennsylvania due to the absence of Jackson's formal guilty plea on that charge. (Dkt. Nos. 63–64.) Upon remand, the court imposed the same sentence it had previously imposed. (Dkt. No. 70.)[4]

## II. DISCUSSION

---

[3] Both parties acknowledge that Jackson's Rule 11(c)(1)(C) plea agreement stipulated that he would serve a term of thirty years on Count One and a concurrent sentence on the firearm count, but that agreement was amended, and the sentencing court imposed an agreed-upon sentence of 262 months on Count One and a concurrent 180-month sentence on the firearm count.

[4] Although the written amended judgment references a five-year supervised release term on the drug conspiracy charge, the January 4, 2007 sentencing transcript makes clear that the court was not amending any part of the original judgment with regard to that count. (*See generally* Dkt. No. 74.) Where there is a discrepancy between an oral pronouncement of sentence and the written judgment, the oral pronouncement generally controls. *United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003). Additionally, a five-year supervised release term on that count would have been below the statutory mandatory minimum. Consequently, no party argues that his supervised release term on the drug conspiracy count was only five years.

Jackson, through appointed counsel, now seeks relief under Section 404 of the First Step Act of 2018. 115 Pub. L. 391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); *see also* 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a previously imposed sentence "to the extent otherwise expressly permitted by statute"). Section 404 effectively makes the provisions of the Fair Sentencing Act of 2010 retroactive to defendants who were sentenced prior to August 3, 2010, and it allows—but does not require—district courts to reduce the sentence of a defendant as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *See* First Step Act § 404(c).

As the parties agree, Jackson meets all the criteria to be eligible to be considered for a reduction under Section 404 of the First Step Act. Specifically, his offense was committed before August 3, 2010, and the statutory penalties applicable to his offense were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant here, section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams.

Jackson was charged with 50 grams or more of cocaine base, but less than 280 grams. Thus, applying the Fair Sentencing Act retroactively to his case means he would no longer be subject to the statutory penalties of § 841(b)(1)(A), but would instead be subject to the penalties set forth in § 841(b)(1)(B). Under that provision, and with the § 851 notice, Jackson's statutory sentencing range is ten years to life imprisonment and at least eight years of supervised release. The guideline range of imprisonment, however, remains the same: 262–327 months. (February 8, 2019 Addendum to Presentence Report, Dkt. No. 109.)

Upon review of the record, the court finds that a reduction of the term of imprisonment on Count One is not warranted in Jackson's case. Jackson moves for a reduction of his sentence from 262 to 188 months. (Mot. to Reduce Sentence 1, Dkt. No. 105.) At the time of the Addendum, Jackson has served approximately 15 years and 11 months, or 191 months. (Dkt. No. 109.)[5] At this point, approximately two additional months have passed, and so he has served approximately 193 months.

Although Jackson's statutory sentencing range has been reduced, his status as a career offender and the fact that his guideline range has not changed lend support to declining to reduce his sentence. In addition, both the reduction that he seeks to 188 months and the "no less than time served" sentence the government suggests if the court grants the motion, are significantly less than both the bottom end of his guideline range and the agreed-upon sentence in the amended plea agreement: 262 months. (*See supra* note 2.) Moreover, the firearms count alone was subject to a mandatory 180-month sentence. To only impose an additional eight months (or thirteen, if imposing time-served) for his drug offense would not be sufficient to accomplish the purposes of sentencing. *See* 18 U.S.C. § 3553(a). Last, in its Amended Addendum to the Presentence Report, the Probation Office retracts its former recommendation to immediately release Jackson. (Am. Addendum to Presentence Report, Dkt. No. 116.) Considering all of these factors, the court will not reduce Jackson's sentence of imprisonment.

However, the court finds that a reduction of Jackson's term of supervised release on Count One is warranted. The court finds that 8 years would be a sufficient length of time for his supervised release, considering the need to afford adequate deterrence to criminal conduct,

---

[5] The government argues that if the court determines that a sentence reduction is warranted, then the appropriate sentence on Count One should be no less than time served because a lesser sentence "would allow the defendant to 'bank' time to offset any future term of imprisonment that may be imposed." (Resp. to Mot. Reduction 8.) Because the court declines to reduce Jackson's term of imprisonment, it is not necessary to address that issue in this case.

5

protect the public from further crimes of the defendant, and avoid unwarranted sentence disparities among similar defendants. *See* U.S. Sentencing Guidelines Manual § 5D1.1, comment.

III. CONCLUSION

For the foregoing reasons, the court will deny Jackson's motion to reduce his term of imprisonment and grant Jackson's motion to reduce his term of supervised release. (Dkt. No. 105.) An appropriate order will be entered.

The clerk is directed to provide a copy of this memorandum opinion and the accompanying order to all counsel of record, the United States Probation Office, and the United States Marshals Service for delivery to the Bureau of Prisons.

Entered: April 15, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge